OPINION
{¶ 1} Defendant-appellant Lance Pacheco appeals the July 8, 2005 Judgment Entry of the Stark County Court of Common Pleas finding him to be a sexual predator pursuant to R.C. 2950.09. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE AND FACTS {¶ 2} On July 26, 1993, appellant was indicted on one count of rape and one count of aggravated burglary, with a prior conviction specification as to each count. On June 7, 2004, the State dismissed both prior conviction specifications and appellant pled guilty to one count of rape and one count of aggravated burglary. The trial court sentenced appellant to a term of five to twenty-five years on each count, with the terms to be served concurrently.
 {¶ 3} On June 27, 2005, the trial court conducted a H.B. 180 classification hearing. At the hearing, Lt. Stanley Strausser, a detective with the North Canton Police Department, testified he investigated the burglary and rape of Eileen Koluskey, a 46 year-old married woman living in North Canton. Strausser testified, the day before the incident, appellant went to Koluskey's house looking for her husband. Appellant left when he found out her husband was not at home. The next morning appellant returned to Koluskey's home looking for her husband, and he again left upon finding out her husband was not home. A few minutes later, Koluskey answered her door and a man wearing a blue cloth over his face pushed his way into the house. Koluskey immediately recognized the clothing as the same worn by appellant minutes before. Appellant thrust a screwdriver to Koluskey's neck and forced her to engage in sexual intercourse. He later demanded money from Koluskey, and hit her on the head while holding the screwdriver, knocking her to the floor.
 {¶ 4} Strausser also testified as to appellant's prior criminal history. Appellant had previous convictions for disorderly conduct, attempted robbery, and corruption of a minor. The corruption of a minor conviction had occurred the year before, and resulted from a sexual attack on a 15 year-old girl.
 {¶ 5} Appellant testified at the hearing, admitting he plead guilty to the charges of rape and burglary. He also admitted to violating a number of prison rules while incarcerated, including one violation involving sexual threats made towards two inmates.
 {¶ 6} Via Judgment Entry of July 8, 2005, the trial court found appellant to be a sexual predator.
 {¶ 7} Appellant now appeals, assigning as error:
 {¶ 8} "I. THE TRIAL COURT ERRED IN OVERRULING APPEALLANT'S [SIC] MOTION TO DISMISS THE HOUSE BILL 180 (HEREINAFTER H.B. 180) PROCEEDINGS AGAINST HIM ON EX POST FACTO GROUNDS. (APPENDIX AT A-1).
 {¶ 9} "II. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS THE H.B. 180 PROCEEDINGS AGAINST HIM ON RETROACTIVE APPLICATION GROUNDS. (APPENDIX AT A-1).
 {¶ 10} "III. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS THE H.B. 180 PROCEEDINGS AGAINST HIM ON DOUBLE JEOPARDY GROUNDS. (APPENDIX AT A-1).
 {¶ 11} "IV. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS BECAUSE H.B. 180 IS UNCONSTITUTIONALLY VAGUE. (APPENDIX AT A-1).
 {¶ 12} "V. THE TRIAL COURT ERRED IN CLASSIFYING APPELLANT AS A PREDATOR WITHOUT A RECORD OF CLEAR AND CONVINCING EVIDENCE TO SUPPORT THE FINDING. (APPENDIX AT A-2, TR AT 6-21)."
 I, II, III IV {¶ 13} Appellant's first, second, third and fourth assignments of error raise common and interrelated issues; therefore, we will address the assignments together.
 {¶ 14} Upon review, this Court has previously addressed these same arguments in State v. Royce Albaugh (February 1, 1999), Stark App. Nos. 1997CA00167 and 1997CA00222; State v. Earl Bair
(February 1, 1999), Stark App. No. 1997CA00232, State v.Frederick A. McIntyre (February 1, 1999), Stark App. No. 1997CA00366, and State v. Bradley (March 29, 1999), Licking App. No. 98CA16.
 {¶ 15} Based upon those authorities, we overrule appellant's first, second, third and fourth assignments of error.
 V {¶ 16} In the fifth assignment of error, appellant claims the trial court's classification of him as a "sexual predator" was unsupported by clear and convincing evidence.
 {¶ 17} In State v. Cook, 83 Ohio St.3d 404, 1998-Ohio-291, the Supreme Court of Ohio determined R.C. Chapter 2950 is remedial in nature and not punitive. As such, we will review this assignment of error under the standard of review contained inC.E. Morris Co. v. Foley Construction (1978),54 Ohio St.2d 279. We find this to be the applicable standard as the Cook
court addressed a similar challenge under a manifest weight standard of review.
 {¶ 18} O.R.C. Section 2950.01(E) defines sexual predator as:
 {¶ 19} "(E) "Sexual predator" means a person to whom either of the following applies:
 {¶ 20} "(1) The person has been convicted of or pleaded guilty to committing a sexually oriented offense that is not a registration-exempt sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses.
 {¶ 21} "(2) The person has been adjudicated a delinquent child for committing a sexually oriented offense that is not a registration-exempt sexually oriented offense, was fourteen years of age or older at the time of committing the offense, was classified a juvenile offender registrant based on that adjudication, and is likely to engage in the future in one or more sexually oriented offenses."
 {¶ 22} O.R.C. Section 2950.09(B)(3) sets forth the relevant factors a trial court is to consider in making its determination:
 {¶ 23} "(3) In making a determination under divisions (B)(1) and (4) of this section as to whether an offender or delinquent child is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
 {¶ 24} "(a) The offender's or delinquent child's age;
 {¶ 25} "(b) The offender's or delinquent child's prior criminal or delinquency record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 26} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made;
 {¶ 27} "(d) Whether the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made involved multiple victims;
 {¶ 28} "(e) Whether the offender or delinquent child used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 29} "(f) If the offender or delinquent child previously has been convicted of or pleaded guilty to, or been adjudicated a delinquent child for committing an act that if committed by an adult would be, a criminal offense, whether the offender or delinquent child completed any sentence or dispositional order imposed for the prior offense or act and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender or delinquent child participated in available programs for sexual offenders;
 {¶ 30} "(g) Any mental illness or mental disability of the offender or delinquent child;
 {¶ 31} "(h) The nature of the offender's or delinquent child's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 32} "(i) Whether the offender or delinquent child, during the commission of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made, displayed cruelty or made one or more threats of cruelty;
 {¶ 33} "(j) Any additional behavioral characteristics that contribute to the offender's or delinquent child's conduct."
 {¶ 34} Specifically, appellant argues the State did not offer evidence of his likelihood to re-offend.
 {¶ 35} In making its determination, the trial court had before it the testimony of the arresting officer, the report of a prior act against a minor, the Bill of Particulars in the present case, appellant's prior record and his own statement at the hearing. Specifically, the trial court stated it considered "the prior Corruption of a Minor, the stalking of the victim prior to the attack, the location of the attack, being the victim's residence, and the extreme violence and cruelty displayed as significant factors" in classifying appellant a sexual predator.
 {¶ 36} Based upon the above, we find appellant's classification as a sexual predator to be supported by competent, credible evidence and not against the manifest weight of the evidence.
 {¶ 37} Appellant's fifth assignment of error is overruled.
 {¶ 38} The July 8, 2005 Judgment Entry of the Stark County Court of Common Pleas is affirmed.
Hoffman, P.J. Farmer, J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment entry of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant.